# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| FLORINE BILLUE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 5:08-cv-145 (HL) |
| SAM'S EAST, INC., | : |
| Defendant. | : |

## ORDER

This case was removed from the Superior Court of Bibb County, Georgia, to this Court on April 25, 2008. Consistent with the practices of his Court, the Notice of Removal was subjected to an initial review. Following review of the Notice of Removal, the Court remands this matter to the State Court of Bibb County for the reasons set forth below.

Plaintiff, Florine Billue, filed a complaint in the State Court of Bibb County, Georgia, on or about March 31, 2008, naming Sam's East, Inc. as a Defendant. Plaintiff sought judgment against Defendant "in an amount to be determined by a jury to be adequate and just." (Compl. at 2.) Thereafter, Defendant filed the Notice of Removal at issue here, alleging diversity jurisdiction. Defendant alleges that Plaintiff is a citizen of the State of Georgia, Defendant is a citizen of Delaware and Arkansas, and the amount in controversy exceeds the sum of $75,000.

A civil action "brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant." 28 U.S.C.A. § 1441(a) (West 2006). District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a) (West 2006).

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). Furthermore, the removing defendant has the burden of proving the existence of federal jurisdiction. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott, 77 F.3d at 1357.

Here, Billue has made an unspecified demand for damages in state court. In the Notice of Removal, Sam's East has attempted to prove that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement with the following: Plaintiff is 82-years-old; has suffered medical expenses in the amount of approximately $2,600; sustained injury to her foot, knee, and hip and strained her back; re-injured her right foot, on which she had previously had surgery; and alleges future pain and suffering. Sam's East also states that a "fair reading of the Complaint, coupled with the

magnitude of damage awards for similar personal injuries in state and federal courts in this district" is sufficient to establish the amount in controversy.[1]

In the Court's view Sam's East has offered nothing more than conjecture that Billue's injuries are severe enough that her medical expenses, combined with damages for pain and suffering, could exceed $75,000. As another district court noted when faced with similar circumstances: "While these contentions may indicate that it is possible for the claims to exceed the minimal amount requirement, they certainly do not demonstrate that it is more likely than not that they do." Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 567 (D.N.J. 2000). There is nothing in Sam's East's allegations to prove that it is more likely than not that the jurisdictional amount will be satisfied. Vague allegations about the types injuries of sustained and the potential for pain and suffering are insufficient to meet the standard for removing a state tort claim to federal court.

In view of the foregoing, the Court finds that Sam's East has not shown that Billue's claims exceed the amount in controversy requirement of $75,000. Because Defendant has failed to satisfy the requisite amount in controversy for federal jurisdiction, the exercise of federal jurisdiction is precluded. The Court directs that this case be remanded to the State Court of Bibb County, Georgia.

---

[1] The Notice of Removal suggests that information as to Billue's injuries can be gleaned from the complaint. This is not the case, however. The complaint says only that Billue was injured and that she "is entitled to recover for her medical expense[s] and for her past and future pain and suffering, and all other actual damages to the extent permitted by law." (Compl. ¶ 6). There is no information in the complaint concerning Billue's age or her injuries or medical expenses.

**SO ORDERED**, this the 2nd day of May, 2008.

>   *s/  Hugh Lawson*
>   **HUGH LAWSON, JUDGE**

mls